IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DEWAYNE MEADOWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 321-047 |
| ) | |
| TIMOTHY C. WARD, Commissioner, ) | |
| ANTOINE CALDWELL, Warden; ) | |
| EDGINALD GIBBONS, Deputy Warden ) | |
| Security; OFFICER O'NEAL; OFFICER ) | |
| POLLET; and, OFFICER WARD, JR., ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE AMENDED COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names as Defendants:  (1) Timothy Ward, Commissioner of Georgia Department of Corrections; (2) Antoine Caldwell, Warden of JSP; (3) Edginald Gibbons, Deputy Warden of JSP; (4) Officer O'Neal, Transport Officer at JSP; (5) Officer Ward, Officer at Augusta State Medical Prison ("ASMP"); and (6) Officer Pollett, Transport Officer at JSP. (Doc. no. 5, p. 2-3.)

Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On January 9, 2020 at "around 9:00 to 10:00" a.m., a mini-bus from JSP arrived in the parking lot of ASMP with Plaintiff and other inmates, all of whom were in handcuffs and other restraints. (Doc. no. 5, p. 6.) The inmates waited thirty to forty-five minutes for the bus to gain entrance into the security check point, and they waited an additional seven to ten minutes while officials conducted a security check of the bus. (Id. ¶¶ 6-7.) During this wait time, Plaintiff informed Officers O'Neal and Pollet he was experiencing severe stomach problems and needed to use the restroom. (Id.) After exiting the bus, while the inmates waited for clearance to enter the prison grounds, Plaintiff asked Officer Ward for permission to use the restroom, and Officer Ward responded he could not open the gate to the restroom yet. (Id.) Plaintiff asked Officers Pollet and O'Neal to release his waste chain so he could pull down his pants, but they refused. (Id. ¶¶ 11-12.) Plaintiff soiled himself, everybody saw it, and Plaintiff had to wait an additional five to seven minutes after soiling himself before he and the other inmates were cleared to enter the prison grounds. (Id. ¶¶ 14-15.)

Upon gaining entry to the prison grounds, an unidentified officer placed Plaintiff in a bathroom, where he waited ten minutes before another unidentified officer directed him to a bathroom that contained a shower. (Id. ¶¶ 20-21.) Approximately eight minutes later, Officer Pollet arrived to unchain Plaintiff, and Plaintiff had to wait an additional, unspecified period of time before another officer brought him soap and a towel. (Id. ¶ 23.) Plaintiff showered and changed into clean clothes. (Id.) In total, Plaintiff waited in his soiled uniform for approximately thirty minutes before being allowed to shower. (Id.)

Plaintiff began experiencing stomach problems again while still in the restroom. (Id.) When an unspecified ASMP officer ordered Plaintiff to return to the lockdown area, Plaintiff refused and the officer radioed another unidentified ASMP officer, "who arrived and snached [sic] Plaintiff by the arm, twisting it, telling [Plaintiff] that he doesn't run anything." (Id. ¶¶ 26-28.) Officer Pollet arrived and defused the situation by explaining Plaintiff's stomach problems, at which point one of the two unidentified ASMP officers "had [Plaintiff] in some kind of armbar causing a major discomfort" and "gave a final twist before releasing [Plaintiff's] arm and when he released something snapped in the right elbow of [Plaintiff's] arm." (Id. ¶¶ 28-31.)

Plaintiff filed a grievance, which was denied. (Id. at 7.) Plaintiff seeks $2.5 million in compensatory, punitive, and nominal damages against each Defendant. (Id. at 8.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

4

### 2. Plaintiff Fails to State a Valid Claim For Conditions of Confinement Based on His Allegations of Being Restrained During Routine Security Procedures

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "inmates cannot expect the amenities, conveniences and services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison

5

official must know of and disregard an "excessive risk to inmate health or safety." <u>Farmer</u>, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." <u>Id.</u>

Additionally, a prisoner has no constitutional right to be held in a specific security classification. <u>See</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976) ("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison . . . ."). Further, the Eleventh Circuit instructs courts to "give a wide range of deference to prison officials acting to preserve discipline and security. . . ." <u>Sears v. Roberts</u>, 922 F.3d 1199, 1205 (11th Cir. 2019) (quoting <u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1311 (11th Cir. 2007). However, the conditions of confinement must meet "the evolving standards of decency that mark the progress of a maturing society." <u>Brooks v. Warden</u>, 800 F.3d 1295, 1303 (11th Cir. 2015) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Plaintiff has not shown the decision to keep him restrained and in the security line, rather than disrupting the security intake procedure by allowing removal of his restraints and/or immediate entry into the prison, rises to the level of violating contemporary standards of decency. Being restrained during routine security procedures, even while experiencing gastrointestinal distress, is not "extreme" and does not "pose[] an unreasonable risk of serious damage to his future health or safety." <u>Chandler</u>, 379 F.3d at 1289. The same is true of the thirty-minute wait Plaintiff endured after soiling himself before he could shower and change

6

clothes. While standing in soiled clothes for any length of time is embarrassing and miserable, it does not constitute an unreasonable risk to health or safety.

Nor do Plaintiff's allegations suggest any prison official was deliberately indifferent. The decision to keep Plaintiff in the security line rather than disrupting the security intake procedure was, at most, an act of negligence. Furthermore, the officers did not ignore Plaintiff once he soiled himself but instead removed him from the incoming inmate group and gave him access to a shower and clean clothes. While this took thirty minutes, the inmates were in the middle of transitioning into a new prison, and any lack of diligence in getting Plaintiff to a shower more quickly constitutes negligence at most and certainly not deliberate indifference.

### 3. Plaintiff Fails to State a Claim for Excessive Force against Defendants.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff has not stated a cognizable claim of excessive force against any named Defendant in his amended complaint. Further, Plaintiff has not adequately alleged the named Defendants had any personal involvement in the alleged excessive force. See Iqbal, 556 U.S. at 678.

Instead, the only officer Plaintiff connects to the potential excessive force is not named as a defendant, and the officer's identification is currently unknown. Generally, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). The identification of the sole party responsible for the potential use of

7

excessive force is necessary in stating a claim with "minimal particularity." Douglas v. Yates, 535 F.3d at 1322. Because Plaintiff alleges only the unknown officer's actions may have resulted in excessive force, Plaintiff fails to state a claim against Defendants.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of October, 2021, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA