IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| Dewayne Meadows, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 321-047 |
| | ) | |
| TIMOTHY C. WARD, Commissioner, | ) | |
| ANTOINE CALDWELL, Warden; | ) | |
| EDGINALD GIBBONS, Deputy Warden | ) | |
| Security; OFFICER O'NEAL; OFFICER | ) | |
| POLLET; and, OFFICER WARD, JR., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 12.) Additionally, Plaintiff filed a Motion for Appointment of Counsel. (Doc. no. 11.) Plaintiff argues the Court should allow him to amend his complaint to add "Jane Doe" and "John Doe" as Defendants to correct the deficiency noticed by the Magistrate Judge by stating a claim of excessive force against a named Defendant. (Doc. no. 12, p. 3.) Federal Rule of Civil Procedure 15, which governs amendment of pleadings, provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Plaintiff previously filed an amended complaint. Thus, Plaintiff is not entitled to amend as a matter of right and must obtain the Court's leave to amend his amended complaint. Fed. R. Civ. P. 15(a)(1)(B), (2). Although leave to amend is generally freely given, Plaintiff's amendment is futile because it fails to state any claim against the existing Defendants, and does not fix any of the deficiencies pointed out in the Magistrate's R&R.

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff's proposed addition of "Jane Doe" and "John Doe" fails to identify these officers to the Court. Plaintiff provides no details about these officers other than employment with the prison system. As the Magistrate Judge's R&R noted, "fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (citation omitted). The identification of the sole party responsible for the potential use of excessive force is necessary in stating a claim with "minimal particularity." Douglas v. Yates, 535 F.3d at 1322.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **OVERRULES** Plaintiff's objections, **DISMISSES** Plaintiff's complaint without prejudice for failure to state a claim upon which relief can be granted, **CLOSES** this case, and **DENIES AS MOOT** Plaintiff's Motion for Appointment of Counsel, (doc. no. 11).

SO ORDERED this 22nd day of November, 2021, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE