IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DWAYNE MEADOWS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| TIMOTHY C. WARD, Commissioner; | * | CV 321-047 |
| ANTOINE CALDWELL, Warden; | * | |
| EDGINALD GIBBONS, Deputy Warden | * | |
| Of Security; OFFICER O'NEAL; | * | |
| OFFICER POLLETT; and OFFICER | * | |
| WARD, JR., | * | |
| | * | |
| Defendants. | * | |

O R D E R

On October 27, 2021, the United States Magistrate Judge issued a Report and Recommendation which recommended dismissal of Plaintiff's claim arising out of an incident on January 9, 2020, in which Plaintiff soiled himself during intake with other inmates into the Augusta State Medical Prison.  Plaintiff also alleged an excessive force claim.  The Magistrate Judge correctly explained that Plaintiff's claims did not rise to the level of a constitutional violation and therefore Plaintiff had failed to state a plausible claim for relief.  (See Report and Recommendation, Doc. No. 9.)  This Court adopted the Report and Recommendation and denied Plaintiff's plea to amend his complaint to add unidentified officers to the excessive force claim.  (See Order of Dismissal, Doc. No. 13.)

At present, Plaintiff moves for reconsideration of the dismissal. A motion for reconsideration filed within thirty (30) days of the entry of judgment is considered under Federal Rule of Civil Procedure 59(e). "The only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoted source omitted). A Rule 59(e) motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Here, Plaintiff has simply restated the claims he had included in his amended complaint and objections. He has not advanced any ground that would warrant reconsideration of the Report and Recommendation or the Order of Dismissal. The ultimate conclusion that Plaintiff has failed to state a claim upon which relief may be granted remains proper.

Upon the foregoing, Plaintiff's motion for reconsideration (doc. no. 15) is **DENIED**. This case remains closed.

**ORDER ENTERED** at Augusta, Georgia this 22nd day of February, 2022.

_____
UNITED STATES DISTRICT JUDGE